UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CLARENCE GREEN,

                              Plaintiff,

                                                                  DECISION AND ORDER

                                                                  02-CV-6321L

         v.

SUPERINTENDENT MICHAEL MC GINNIS,
et al.,

                              Defendants.
_____

      Plaintiff, Clarence Green, appearing *pro se*, commenced this action pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS") alleges that his constitutional rights were violated from 1997 through 2001, while he was confined at Southport Correctional Facility. Specifically, plaintiff alleges that he was denied adequate medical treatment for his back pain.

      Defendants, all of whom were at all relevant times DOCS employees at Southport, have moved for summary judgment. Plaintiff's only response to the motion has been to ask the Court for extensions of time to respond to the merits of defendants' motion, all of which the Court has granted. In all, the Court has now granted plaintiff four extensions of time to file a response to the summary judgment motion. *See* Dkt. #69, #71, #72, #75. The most recent extension gave plaintiff until

November 2, 2006 to file a response.  Plaintiff, however, has never filed a substantive response to the summary judgment motion.  Plaintiff's last contact with the Court was a letter dated February 5, 2007, advising the Court of plaintiff's change of address to Eastern Correctional Facility.

## DISCUSSION

**I. Plaintiff's Failure to Respond to Defendants' Summary Judgment Motion**

      Rule 56(e) of the Federal Rules of Civil Procedure provides that

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denial of the adverse party's pleading, but the adverse party's response by affidavits or as otherwise provided in this rule must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

      The Court of Appeals for the Second Circuit has held that when a party moves for summary judgment against a *pro se* litigant, either the movant of the district court must provide the pro se litigant with notice of the consequences of failing to respond to the motion.  *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620 ($2^d$ Cir. 1999); *see also Irby v. New York City Transit Auth.*, 262 F.3d 412, 413 ($2^d$ Cir. 2001).

      In the instant case, defendants' notice of motion (Dkt. #61) and the Court's initial scheduling order (Dkt. #67) both gave plaintiff notice of the requirements of Rule 56 and the consequences of failing to respond to a motion of summary judgment.  The notice of motion states, in part, that defendants' factual assertions "will be accepted by the District Judge as being true unless you submit affidavits or other documentary evidence contradicting those assertions.  If you do not so respond,

summary judgment, if appropriate, may be entered against you. If summary judgment is granted against you, your case will be dismissed and there will be no trial."

Likewise, the scheduling order states, in part, that "Rule 56 provides that plaintiff may NOT oppose summary judgment simply by relying upon the allegations in the complaint. Rather, plaintiff must submit evidence, such as witness statements or documents, countering the facts asserted by the defendants and raising issues of fact for trial," and that "[a]ny issue of fact that plaintiff wishes to raise in opposition to the motion for summary judgment must be supported by affidavits or by other documentary evidence contradicting the facts asserted by defendants." It further states, "If plaintiff does not respond to the motion for summary judgment on time with affidavits or documentary evidence contradicting the facts asserted by defendants, the Court may accept defendants' factual assertions as true. Judgment may then be entered in defendants' favor without a trial."

It is clear, then, that plaintiff has been adequately advised of the pendency of the motion, of the need for him to respond and the form in which he should do so, and of the consequences of not responding to the motion. Since plaintiff has not filed any responding papers, the Court will accept the truth of defendants' factual allegations, and determine whether defendants are entitled to summary judgment.

**II. Defendants' Motion for Summary Judgment**

**A. Eighth Amendment Medical Claims:  General Principles**

To show that prison medical treatment was so inadequate as to amount to "cruel or unusual punishment" prohibited by the Eighth Amendment, plaintiff must prove that defendants' actions or

omissions amounted to "deliberate indifference to a serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Second Circuit has stated that a medical need is "serious" for constitutional purposes if it presents "'a condition of urgency' that may result in 'degeneration' or 'extreme pain.'" *Chance v. Armstrong*, 143 F.3d 698, 702 ($2^d$ Cir. 1998) (quoting *Hathaway v. Coughlin*, 37 F.3d 63, 66 ($2^d$ Cir. 1994), *cert. denied*, 513 U.S. 1154 (1995)). *See also Harrison v. Barkley*, 219 F.3d 132, 136-137 ($2^d$ Cir. 2000) ("A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain'") (quoting *Chance*, 143 F.3d at 702).

Among the relevant factors for determining whether a serious medical need exists are "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Chance*, 143 F.3d at 702 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997)).

As to the "deliberate indifference" component, the Supreme Court explained in *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991), that this standard includes both an objective and a subjective component. With respect to the objective aspect, the court must ask whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights. With respect to the subjective element, the court must consider whether the deprivation was brought about by defendants in wanton disregard of those rights. *Id.* To establish deliberate indifference, therefore, plaintiff must prove that the defendants had a culpable state of mind and intended wantonly to inflict pain. *See id.* at 299;

*DesRosiers v. Moran*, 949 F.2d 15, 19 (1st Cir. 1991); *Ross v. Kelly*, 784 F.Supp. 35, 44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992).

The Court in *Estelle* also cautioned that mere negligence is not actionable. "A [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Rather, the plaintiff must allege conduct that is "repugnant to the conscience of mankind," *id.* at 102, or "incompatible with the evolving standards of decency that mark the progress of a maturing society," *id.* at 105-06. It is clear, then, that allegations of malpractice alone do not state a constitutional claim. *Id.* at 106 n. 14; *Chance*, 143 F.3d at 703-04; *Ross*, 784 F.Supp. at 44.

Likewise, an inmate's "mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d at 703; *see also Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977) ("The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion").

**B. Application to this Case**

Applying these principles here, I find that defendants are entitled to summary judgment. In support of their motion, two of the defendants, John W. Alves, M.D. and Bernard J. Obremski, R.N., have submitted sworn declarations setting forth plaintiff's care and treatment during the period in question. Dkt. #64, #66. Those declarations and the documentary evidence submitted by defendants

make clear that the treatment that plaintiff received was constitutionally adequate. The record shows, for example, that Alves ordered x-rays and other tests on plaintiff's lower back, and that many of the test results indicated no abnormalities. Alves also prescribed pain medications in response to plaintiff's complaints.

Alves also ordered plaintiff admitted to the infirmary in 1999, where an MRI was performed. The MRI indicated that plaintiff had a bulging disc in his spine. Plaintiff was then referred for a second opinion from an orthopedic surgeon, Dr. Cannizzaro, who recommended physical therapy. Plaintiff continued to receive evaluations and treatment throughout the period in question.

All that the record shows, then, is that plaintiff disagreed with the course of treatment that was administered by defendants. Although plaintiff may subjectively believe that his care was not adequate or correct, that difference of opinion does not demonstrate deliberate indifference and does not give rise to an Eighth Amendment claim. *Flemming v. Wurzberger*, 490 F.Supp.2d 320, 324 (W.D.N.Y. 2007); *Goodson v. Evans*, 438 F.Supp.2d 199, 203 (W.D.N.Y. 2006).

Even if a violation could be found, however, defendants would be entitled to qualified immunity for their actions. Qualified immunity shields public officials "from civil damages liability insofar as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known,' *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), or insofar as 'it [is] objectively reasonable for them to believe that their acts d[o] not violate those rights,' *Velardi v. Walsh*, 40 F.3d 569, 573 (2$^d$ Cir. 1994)." *Simms v. Village of Albion*, 115 F.3d 1098, 1106 (2$^d$ Cir. 1997); *accord Brown v. City of Oneonta*, 106 F.3d 1125, 1130-31 (2$^d$ Cir. 1997).

Given the extensive treatment afforded to plaintiff, it was plainly objectively reasonable for defendants to believe that their actions did not violate his constitutional rights.[1]

### III. Plaintiff's Motion for a Preliminary Injunction

Plaintiff has also filed a motion for a preliminary injunction directing that he be seen by a gastroenterologist. That motion is denied. Plaintiff has not met the standards for the issuance of preliminary injunctive relief in this circuit. *See Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 172 ($2^d$ Cir. 2001); *ABKCO Music, Inc. v. Stellar Records, Inc.*, 96 F.3d 60, 64 ($2^d$ Cir. 1996).[2]

### CONCLUSION

Defendants' motion for summary judgment (Dkt. #61) is granted, and the complaint is dismissed.

---

[1] The complaint also purports to assert claims under the Fifth Amendment. The Fifth Amendment has no application to this case, and all such claims are also dismissed. *Flemming*, 490 F.Supp.2d at 321 n. 2.

[2] I also note that on October 23, 2006, Magistrate Judge Jonathan W. Feldman forwarded to me certain documents sought by plaintiff in discovery, for *in camera* review. *See* Dkt. #77. Having reviewed those materials, I find that, regardless of whether they are produced or admitted, they would not affect the Court's decision on defendants' motion for summary judgment. Plaintiff's motion to compel production of those documents is therefore denied as moot.

Plaintiff's motion for a preliminary injunction (Dkt. #73) is denied.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      October 1, 2007.